STATE of Oklahoma, ex rel., OKLA-
HOMA BAR ASSOCIATION
Complainant,

v.

Warren A. AUSTIN, Jr., Respondent.

OBAD No. 810.
SCBD No. 3439.

Supreme Court of Oklahoma.

April 26, 1988.

ORDER

DOOLIN, Chief Justice.

Upon consideration of the Oklahoma Bar Association's application for an order ap-proving the resignation of Warren A. Aus-tin, Jr., respondent, pending disciplinary proceedings, THIS COURT FINDS:

1. On the 23rd day of October, 1987, the respondent executed his resignation from membership in the Oklahoma Bar Associa-tion, pending disciplinary proceedings.

2. The respondent's resignation reflects that it was freely and voluntarily rendered; that he was not subject to coercion or du-ress; and that he was fully aware of the consequences of submitting his resignation.

3. The respondent was aware of the formal complaint presently pending against him alleging that there exists grounds for discipline as follows:

1) The respondent failed to respond to notifications of a grievance in a timely manner in violation of Rule 5.2 of the rules Governing Disciplinary Proceed-ings.

2) The respondent's response to a griev-ance was not completely factually true and correct, and in violation of Rule 5.2, Rules Governing Disciplinary Proceed-ings and DR 1–102(A)(4) of the Code of Professional Responsibility.

3) The respondent engaged in conduct which violated 5 O.S.1981 Ch. 1, App. 3, DR 1–102(A)(1), (4), (5) and (6), DR 7–101(A)(3) and DR 9–102(A) and (B)(3) and (4), by retaining funds of a client and making misrepresentations concerning the status of the funds.

4. The respondent agrees that he may make no application for reinstatement for membership in the Oklahoma Bar Associa-tion prior to the lapse of five (5) years from the date of this order.

5. The respondent agrees that he may be reinstated to the practice of law only upon full compliance with the conditions and procedures prescribed by Rule 11, Rules Governing Disciplinary Proceedings.

6. The respondent agrees to comply with Rule 9.1, Rules Governing Discipli-nary Proceedings.

7. The respondent's resignation is in compliance with 5 O.S.1981, Ch. 1, App.

1-A, Rule 8.1, Rules Governing Disciplinary Proceedings.

8. The respondent's resignation should be approved.

9. Warren A. Austin, Jr., is the name of respondent as it appears on the official roster maintained by the Oklahoma Bar Association, with the following address: Triad Center, Suite 220, 501 Northwest Expressway, Oklahoma City, Oklahoma 73118.

10. Respondent has agreed to reimburse expenses incurred by the complaint in the investigation of this matter in the amount of $416.38.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the respondent's resignation pending disciplinary proceedings be, and the same is hereby approved.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that respondent's name be stricken from the roll of attorneys; that he make no application for reinstatement to membership in the Oklahoma Bar Association prior to the lapse of five (5) years from the date his resignation was approved by this Court; and that pursuant to 5 O.S.1981, Ch. 1, App. 1-A, Rule 9.1, Rules Governing Disciplinary Proceedings, he notify all of his clients having legal business pending with him within twenty (20) days, by certified mail, of the respondent's inability to represent them and of the necessity for promptly retaining new counsel.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the respondent shall pay the costs incurred by the Oklahoma Bar Association in the investigation of this matter in the amount of $416.38 within thirty (30) days of the filing of this order.

HARGRAVE, V.C.J., and HODGES, LAVENDER, OPALA, ALMA WILSON, KAUGER and SUMMERS, JJ., concur.